UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:09-CV-53-H

MICHAEL ALLEN MCCARTHY                                           PLAINTIFF

V.

RICK FOUTS, MILLWRIGHTS
UNION, LOCAL 1031, et al.                                             DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Defendants, Millwrights Local 1031 and Indiana/Kentucky Regional Council of Carpenters Joint Apprenticeship and Training Fund, moved for summary judgment on the remainder of Plaintiff's claims. Plaintiff, Michael Allen McCarthy, has also moved for summary judgment. For the reasons that follow, Plaintiff cannot maintain a discrimination claim against the remaining Defendants.

I.

Plaintiff, Michael Allen McCarthy ("Plaintiff"), filed this lawsuit against Defendants, Rick Fouts and Millwrights Union Local 1031 ("Millwrights" or "Union"), alleging wrongful termination in violation of Title VII of the Civil Rights Act of 1964. This Court subsequently joined the Indiana/Kentucky Regional Council of Carpenters Joint Apprenticeship and Training Fund ("JATF"), Todd Pancake, Tim Wireman, Larry Hujo, Ronnie Boggs and Hope Harp as Defendants. On November 30, 2009, this Court issued its Memorandum and Order ("Decision") which dismissed all constitutional claims against all Defendants and all Title VII claims against the individual Defendants. Therefore, only the Title VII claims against the Union and the JATF remain.

II.

Plaintiff asserts racial discrimination claims against the two remaining Defendants. However, Plaintiff does not actually make such a specific allegation of racial discrimination in his memoranda or supporting materials. Plaintiff's actual complaint is that the Union failed to take his side in various disputes concerning Plaintiff's misrepresentation of his credentials. He presents absolutely no evidence that the dispute had anything to do with Plaintiff's race or that persons of a particular race and similarly situated were treated differently. Plaintiff does allege that the Union failed to provide a steward at the investigative interview conducted on April 2, 2008. As a consequence of that investigation and the determination that Plaintiff had misrepresented his apprentice status, Plaintiff lost his union status. While the failure to support Plaintiff may violate a Union rule or contract, it is not an adverse action under Title VII.

Plaintiff argues without citing any evidence that he was wrongly denied continued participation in an apprenticeship program. All of the Union's actions arose from Plaintiff's alleged misrepresentation of his apprentice's status, which is well documented. Plaintiff appears to have been given an opportunity to be heard before the decision and an opportunity to appeal afterwards. Under these facts, the Court cannot find a basis for a claim under Title VII.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' motion for summary judgment is SUSTAINED; Plaintiff's motion for summary judgment is DENIED; and Plaintiff's remaining claims are DISMISSED WITH PREJUDICE.

This is a final order.

cc: Michael Allen McCarthy, *Pro Se*
　　Counsel of Record